

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

LHE:TH/JRS
F. #2019R01680

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 24, 2022

<u>By ECF and Email</u>

The Honorable Robert M. Levy
United States Magistrate Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: <u>United States v. Somorie Moses</u>
     <u>Criminal Docket No. 22-232 (CBA)</u>

Dear Judge Levy:

  The government respectfully submits this letter in support of its motion for a permanent order of detention as to the defendant Somorie Moses. As further described below, the defendant poses a significant danger to the community and is a flight risk, and no combination of conditions of release can assure the safety of the community and his appearance at court proceedings.

I.  <u>Background</u>

  The defendant is charged by indictment with nine counts of sex trafficking, in violation of Title 18, United States Code, Section 1591, and murder in the course of sex trafficking, in violation of Title 18, United States Code, Section 2245.

  For over a decade, the defendant forced women and girls, including minors, into prostitution for his benefit in Brooklyn and Queens, and used extreme physical and sexual violence to ensure compliance with his orders. In January 2017, the defendant beat one of his victims, Leondra Foster, until she died. The following morning, using a knife and

saw, he dismembered her body inside their shared apartment in Brooklyn, before disposing of her body in the Bronx four days later.[1]

II.     The Bail Reform Act

Under the Bail Reform Act, Title 18, United States Code, Sections 3141, et seq., federal courts "shall" order a defendant's detention pending trial upon a determination that "no condition or combination of conditions would reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). A finding of risk of dangerousness must be supported by clear and convincing evidence and a finding of risk of flight must be supported by a preponderance of the evidence. See United States v. Chimurenga, 760 F.2d 400, 405 (2d Cir. 1985).

In cases like this one, charging an offense under Title 18, United States Code, Section 1591 involving a minor victim, "it shall be presumed," subject to rebuttal by the defendant, "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(E). A presumption of dangerousness and risk of flight is also applicable pursuant to 18 U.S.C. § 3142(e)(3)(D) because Section 1591 is an offense under chapter 77 of Title 18 with a maximum term of imprisonment of 20 years or more. See id. § 3142(e)(3)(D).

The presumption means that the Court must initially assume there is "no condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of any other person and the community." Id. The defendant must come "forward with evidence that he does not pose a danger to the community or a risk of flight." United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001). Even if the defendant were to meet his burden of production, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." Id.

Whether detention is sought on the basis of flight or dangerousness, the Bail Reform Act lists four factors to be considered in the detention analysis:

(1)     "the nature and circumstances of the offense charged. . .";

(2)     "the weight of the evidence against the person";

---

[1] The defendant was previously prosecuted for the murder of Foster, where he was acquitted at trial in 2019 of the murder and convicted of criminally negligent homicide and concealment of a corpse, and was sentenced to four to eight years in prison. The defendant is currently in state custody, but is eligible to be released on parole as early as tomorrow.

2

> (3) "the history and characteristics of the person, including . . . the person's character, . . . past conduct, . . . [and] criminal history, and record concerning appearance at court proceedings"; and
>
> (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."

18 U.S.C. § 3142(g).

The concept of "dangerousness" encompasses not only the effect of a defendant's release on the safety of identifiable individuals, such as victims and witnesses, but also "'the danger that the defendant might engage in criminal activity to the detriment of the community.'" United States v. Millan, 4 F.3d 1038, 1048 (2d Cir. 1993) (quoting legislative history).

The government is entitled to proceed by proffer in a detention hearing. United States v. Abuhamra, 389 F.3d 309, 320 n.7 (2d Cir. 2004); United States v. LaFontaine, 210 F.3d 125, 130-31 (2d Cir. 2000); United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986).

III. Somorie Moses Should Be Detained Pending Trial

As noted above, there is a presumption that there are no conditions of release that can reasonably assure the defendant's appearance and the safety of the community. See 18 U.S.C. §§ 3142(e)(3)(D) and (E); see, e.g., United States v. Andrews, No. 19-CR-131 (PAE), 2020 WL 3182911, at *1 (S.D.N.Y. June 15, 2020) (presumption applies in all § 1591 cases); United States v. Epstein, 425 F. Supp. 3d 306, 313 (S.D.N.Y. 2019) ("A 18 U.S.C. § 1591 case involving sexual victimization of a minor is unusual in that it includes a presumption in favor of pretrial detention, reflecting the significant harm caused by such a crime."). The defendant cannot rebut such a presumption, regardless of any bail package that may be proposed, because the relevant considerations under the Bail Reform Act clearly support a finding of dangerousness and risk of flight.

A. Nature and Circumstances of the Crimes Charged and Evidence of Guilt

The nature and circumstances of the crimes charged are extraordinarily serious and reflect the danger the defendant poses to the community. Since at least 2003, the defendant used false promises of love, marriage, and a better life to initiate sexual relationships with women and girls, some of whom were minors, before demanding that they work as prostitutes for his benefit. The defendant used brutal beatings, rape, torture and threats in order to force his victims to work in prostitution in Brooklyn and Queens and to ensure that they complied with his orders. Moses pressured many of his victims into getting his first name, "Somorie," tattooed on their bodies.

3

Moses used extreme violence against his victims. For example, when one victim refused to engage in prostitution, Moses used a taser against her until she complied. Moses slashed another victim's arms and back with a razor and beat her with a belt before pouring lemon juice on her wounds, leaving her permanently scarred. When another victim did not do as Moses had ordered, he beat her with an extension cord and threatened to rub salt in her wounds. When another victim told Moses she did not want to work as a prostitute, he put a shotgun in her mouth and threatened to kill her and her child.

In the early morning of January 13, 2017, Moses murdered Leondra Foster, one of his sex trafficking victims, by beating her to death. The following morning, using a knife and a saw, Moses dismembered Foster's body inside their shared apartment in Brooklyn, New York. Four days later, on the morning of January 17, 2017, Moses brought Foster's torso and limbs to the Bronx for disposal at a sanitation site. Foster's head, hands and feet — including a foot with the name "Somorie" tattooed on it — were subsequently recovered by law enforcement inside the deep freezer of Moses's apartment.

The evidence of the defendant's guilt is very strong. The government intends to prove the defendant's guilt at trial through, among other sources of evidence, the testimony of numerous witnesses and victims, medical records and autopsy reports, text messages, and recorded phone calls. The government expects that numerous victim-witnesses will testify regarding brutal beatings, threats of violence, rape and psychological manipulation they endured at the hands of the defendant.[2] In addition, following his arrest, the defendant confessed to the murder of Foster to at least two individuals. Although this evidence was not available at the defendant's prior state trial, the government intends to introduce witness testimony regarding those confessions at trial in this case.

B.   Moses Poses a Danger to the Community and a Risk of Flight

The government submits that the defendant poses a serious danger to the community. For over a decade, as described in detail supra, the defendant used extreme physical and sexual violence, threats, and force to coerce his victims into working in prostitution. The extent of the defendant's manipulation and control is demonstrated by his insistence that many of his victims get his name, "Somorie," tattooed on their bodies. If released, the defendant poses a risk to numerous victims and witnesses, including many who have expressed significant concerns for their safety.

In addition, if convicted at trial, the defendant faces a mandatory minimum sentence of 15 years and a potential sentence of life in prison or death, which creates a substantial incentive to flee. See United States v. Jackson, 823 F.2d 4, 7 (2d Cir. 1987); Martir, 782 F.2d at 1147 (defendants charged with serious offenses whose maximum

---

[2]   The defendant testified in his own defense at his state trial, during which he acknowledged that he made a living as a "pimp" and had done so for two decades. The defendant also admitted that he "smacked [Foster] around" and caused her to have "many . . . black eyes."

4

combined terms created potent incentives to flee); United States v. Cisneros, 328 F.3d 610, 618 (10th Cir. 2003) (defendant was a flight risk because her knowledge of the seriousness of the charges against her gave her a strong incentive to abscond); United States v. Townsend, 897 F.2d 989, 995 (9th Cir. 1990) ("Facing the much graver penalties possible under the present indictment, the defendants have an even greater incentive to consider flight."); United States v. Dodge, 846 F. Supp. 181, 184-85 (D. Conn. 1994) (possibility of a "severe sentence" heightens the risk of flight).

IV. Conclusion

       For the foregoing reasons, the government respectfully requests that the Court enter a permanent order of detention as to defendant Somorie Moses.

Respectfully submitted,

BREON PEACE
United States Attorney

By:    /s/
       Tanya Hajjar
       Jonathan Siegel
       Assistant U.S. Attorneys
       (718) 254-7000

cc:    Counsel of Record